UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WILLIE DEE DAILEY III                                                                PETITIONER
 a/k/a Malik Shaheed X

VS.                             Case No.  4:18-cv-00773-BRW-JTR
                                (Related Cases:    5:03-cv-00156-BRW)
                                                   5:09-cv-00013-BRW)

WENDY KELLEY, Director,
Arkansas Department of Corrections                                         RESPONDENT

## RECOMMENDED DISPOSITON

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson.  You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

**I.      Background**

Petitioner Willie Dee Dailey III ("Dailey"), who his currently confined in the Tucker Maximum Security Unit of the Arkansas Department of Correction ("ADC"), has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §

2254.  *Doc. 1*.  This is Dailey's *third* request pursuant to § 2254 for habeas relief. Before addressing the Petition, the Court will review the pertinent procedural history.

On November 13, 1996, Dailey entered a guilty plea to one count of first-degree murder in Pulaski County Circuit Court.  *State v. Willie Dailey*, Pulaski County Circuit Court Case No. 1995-3433 ("*Dailey I*").  He received a sentence of 33 years in the ADC, a sentence he is serving today.

On September 12, 2003, Dailey filed his first § 2254 action challenging his conviction and sentence.  *Malik Shaheed X a/k/a Willie Daily v. Larry Norris*, E.D. Ark. No. 5:03-cv-00341-BRW/JTR ("*Dailey II*").  On February 7, 2005, United States District Judge Billy Roy Wilson entered an Order and Judgment dismissing Mr. Daily's habeas claim, with prejudice, as time-barred.  *Dailey II*, Docs. 14 & 15.

On January 14, 2009, Dailey initiated his second § 2254 action challenging his conviction and sentence in *Dailey I*.  *Willie Daily a/k/a Malik Shaheed X v. Arkansas Dep't. of Correction*, E.D. Ark. Case No. 5:09-cv-00013-WRW/JTR ("*Dailey III*").  On February 26, 2009, United States District Judge Billy Roy Wilson entered an Order and Judgment dismissing Mr. Dailey's second habeas claim, without prejudice.  Judge Wilson advised Mr. Daily that he could "seek authorization from the Eighth Circuit Court of Appeal, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a successive habeas petition." *Dailey III*, Doc. 5.

On October 17, 2018, Dailey filed the present § 2254 Petition. Although Dailey styled his new filing a "Motion to Correct an Illegal Sentence," it is treated as a § 2254 habeas Petition. *See Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (person in custody pursuant to the judgment of state court can obtain habeas relief only through § 2254, no matter how pleadings are styled; rejecting state prisoner's contention that his petition should be classified as § 2241 petition not subject to limitations of 28 U.S.C. § 2244). Once again, Dailey contends that his due process rights were violated when, in *Dailey I*, the state court accepted his guilty plea to first-degree murder and sentenced him to 33 years in prison.

## II.   Discussion

A habeas claim presented in a second or successive § 2254 petition must be dismissed unless a petitioner makes a prima facie showing satisfying the requirements of 28 U.S.C. § 2244(b)(2). However, that determination must be made by the Eighth Circuit Court of Appeals, not the United States District Court. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

Dailey's pending § 2254 habeas petition is the third iteration of his collateral attack on his underlying conviction. Until Dailey obtains the required authorization

from the Eighth Circuit, this Court lacks jurisdiction to proceed. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007).

### III.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Dailey's 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus, *Doc. 1*, be DISMISSED, without prejudice to Dailey's right to file a successive habeas petition, if authorized to do so by the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A);  and

2. A Certificate of Appealability be DENIED, *see* 28 U.S.C. § 2253(c)(1)-(2);  Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

IT IS SO ORDERED this 24th day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE